Jerry J. Jarzombek
855 Texas Street, Suite 140
Fort Worth, Texas 76102
817-348-8325
817-348-8328 facsimile
*jerryjj@airmail.net*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICHOLAS JOSEPH RUSSO and JANE MARIE RUSSO, | § § § § | Civil Action No. 4:16-cv-00324-Y |
| Plaintiffs, | § § | |
| vs. | § § § | **FIRST AMENDED COMPLAINT** and **DEMAND FOR JURY TRIAL** |
| CTC 1ST and IRA DAVIS, aka IRA M. DAVIS, aka IRA MORYA DAVIS, aka MORYA DAVIS, | § § § § | |
| Defendants. | § § § | (Fraud in a Real Estate Transaction; Fraud; Breach of Contract; Unfair and Deceptive Acts and Practices) |

**Preliminary Statement**

1. Plaintiffs, Nicholas Joseph Russo and Jane Marie Russo (collectively "Russos") filed a lawsuit in the Justice Court of Precinct 4 of Tarrant County, Texas, against CTC 1ST, Noe Cadena and Clarisa Cadena (collectively "Cadenas"), seeking recovery for the breach of a residential lease contract involving real property located at 1076 Grand National Blvd., Fort Worth, Texas (the "Property"). CTC 1ST leased the Property to Plaintiffs for one year, and represented itself as owner and/or landlord, but was neither. The Cadenas owned the Property, and were borrowers on a note held by Wells Fargo Bank, N.A., who posted the Property for foreclosure. The Property sold to

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL  Page 1

Haslet Nail Spa, Inc., who ultimately had the Plaintiffs evicted. Prior to the filing of the Notice of Removal by CTC1ST, Plaintiffs severed the Cadenas from the Justice Court lawsuit.

2. Plaintiffs seek recovery for fraud in a real estate transaction, as described in TEX. BUS. & COM. CODE § 27.01, common law fraud, breach of contract, unjust enrichment, and violations of the Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41 *et seq*. Plaintiffs do not allege any causes of action arising under federal law.

3. Counsel for Plaintiffs apologizes for the length of this Preliminary Statement, but believes it is necessary to understand the depth of what appears to be a scheme of deception.

4. Defendant, CTC 1ST is not listed as an entity with either the Texas Comptroller or the Texas Secretary of State. The names "CTC 1ST," "CTC 1ST Properties" or "ctc1st.com" are not filled as an assumed name with the County Clerks of either Tarrant or Dallas County. On its website, http://wwwctc1st.com, "CTC 1ST" offers property management for Dallas, Tarrant, Collin, Denton, Travis, Bexar and Harris Counties of Texas. In the "About Us" section of the website, "CTC 1ST is committed to providing the ultimate in professional, high quality and "worry free' property management services to produce a maximum return in investment for income property owners in the Great State of Texas." True and accurate copies of a portion of the http://wwwctc1st.com website are attached hereto as Exhibit A.

5. Plaintiffs executed the Lease [Exhibit H] with "CTC 1ST" at what was presented to be its office, located at 2727 LBJ Freeway, Suite 316, Dallas, Texas 75234.

6. The Notice of Removal (Dkt. No. 3), signed by "Arnold Simmons," uses the address of "P.O. Box 27740, Las Vegas, NV 89126." A search of the website of the Nevada Secretary of State finds that the entity "CTC 1ST, LLC" is a "Domestic Limited-Liability Company" whose

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                                                                Page 2

"Qualifying State" (state where the company resides) is Nevada. A true and accurate copy of the Nevada Secretary of State's webpage (and the definition of "Qualifying State"), as well as copies of the Articles of Incorporation and designation of "managers or managing members" from the Nevada Secretary of State, are attached hereto as Exhibit B. Note that Exhibit B shows the manager to be Ira Davis. There is no indication of that "Arnold Simmons" is an attorney with authority to represent "CTC 1ST" or "CTC 1ST, LLC." And "Arnold Simmons" would need to be an attorney to represent the Cadenas, as he alleges in the last paragraph of the Notice of Removal (Dkt. No. 3), and the Certificate of Interested Persons (Dkt. No. 5). A non-attorney generally cannot represent someone else *pro se*. *Elustra v. Mineo,* 595 F.3d 699, 704 (7th Cir. 2010). A corporation cannot appear *pro se* in federal court; it must appear through licensed counsel. *Rowland v. California Men's Colony,* 506 U.S. 194, 202-03 (1993); *U.S. v. High Country Broad. Co.,* 3 F.3d 1244, 1245 (9th Cir. 1993); *Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 22 (2d Cir. 1983). Partnerships and other organizations must also be represented by an attorney. *See Eagle Assocs. V. Bank of Montreal,* 926 F.2d 1305, 1308-10 (2d Cir. 1991). An unincorporated association must appear through counsel. *Church of the New Testament v. U.S.,* 783 F.2d 771, 773 (9th Cir. 1986).

7.  Defendant Ira Davis, aka Ira M. Davis, aka Ira Morya Davis, aka Morya Davis (hereinafter "Ira Davis") is located in Texas, and uses the address of 445 E FM 1382, Ste 3-532, Cedar Hill, Texas 75104-6046 on his Texas Driver's License. That address is for The UPS Store of Cedar Hill, Texas.

8.  Ira Davis uses various other addresses, ostensibly to create diversity. See Exhibit C, the Notice of Removal and Exhibit D, the Certificate of Interested Persons; both filed on June 5, 2015, in Case No. 3:15cv1956-M, *Forest Hills Homeowners Association v. Ira Davis.* Mr. Davis

opted to use an address in Seattle, Washington, couple with a phone number with a South Texas area code. Exhibit C is strikingly similar to the Notice of Removal filed in this case by "Arnold Simmons" (Dkt. No. 3) and Exhibit E, the Notice of Removal filed in Case No. 3:11cv2119-P, *U.S. Bank National Association, et al v. Ira Davis, et al.* Ira Davis used the name Ira Davis-Bey when he executed Exhibit E, and used an address in Dallas, Texas at a time when Ira Davis was the owner (according to the Tarrant Appraisal District). See Exhibit F. Interestingly, Exhibit F now shows the owner to be the "Ridgeoak Trust," located at the same address as The UPS Store, and the address on Davis' Texas Driver's License.

9.  The name "Arnold Simmons" has appeared in a Bond for Possession filed in the Justice Court, Precinct 1, of Tarrant County, Texas, styled *1225 Mountain Air Land Trust v. Elizabeth Stoy and Michael Zieschang,* and all other occupants. See Exhibit G. In that case, Ira Davis falsely represented himself to be "Thomas Anderson" and had personal interactions with both Elizabeth Stoy and Michael Zieschang – plaintiffs represented by the undersigned in Cause No. 352-282783-15, styled *Elizabeth Zieschang f/k/a Elizabeth Stoy and Michael Zieschang vs. 1225 Mountain Air Land Trust and Ira M. Davis,* pending in the 352nd Judicial District Court of Tarrant County, Texas. On information and belief, Ira Davis is representing himself to be Arnold Simmons in the instant case, just as he misrepresented himself to be Thomas Anderson in the *Stoy* case filed in Precinct 1 of Tarrant County.

10. Exhibit G also purports to be signed on October 13, 2015, by a "Lisa Gonzales / Trustee," using the address of "1076 Grand National Blvd., Fort Worth, Texas 76179." That is the same address as the Property leased by the Plaintiffs in this case – and the date of execution is during the time the Plaintiffs occupied the Property. The CTC 1ST Lease executed by Plaintiffs is attached

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL        Page 4

as Exhibit H. "Lisa Gonzales / Trustee," was not an occupant of "1076 Grand National Blvd., Fort Worth, Texas 76179" on October 13, 2015.

11. The Notice of Removal (Dkt. 3) was signed on April 18, 2016, and filed the next day, and indicates that the suit in the Justice Court was served on CTC 1ST on March 20, 2016. Ira Davis would have been in the Dallas Fort Worth area during this time – at least on March 29, 2016 - as shown by the returns of service in in Cause No. 352-282783-15 and Cause No. 096-284120-16, attached as Exhibits I and J respectively.

12. On information and belief, the address of P.O. Box 27740, Las Vegas, NV 89126 is provided to Ira Davis as manager for CTC 1ST, LLC by Nevada Corporate Headquarters, Incorporated, an entity that provides a mail forwarding service. A true and correct copy of a portion of the website of Nevada Corporate Headquarters, Incorporated, found at http://nchinc.com/we-do-more/mail-forwarding, is attached as Exhibit K. The Articles of Organization for CTC 1ST, LLC identify Nevada Corporate Headquarters, Inc. as its registered agent; its organizer is at the same address as Nevada Corporate Headquarters, Inc., and define the mailing address for Ira Davis as P.O. Box 27740, Las Vegas, NV 89126. See Exhibit B.

**Jurisdiction and Venue**

13. The jurisdictional statement of CTC 1ST as to 28 U.S.C. § 1332 is less than accurate, because CTC 1ST has a place of business in Dallas, Texas; does business in Texas (as represented in Exhibit A); "Arnold Simmons" is a resident of Texas (as represented in Exhibit G); Ira Davis (represented to be the manager of CTC 1ST, LLC in Exhibit B) uses a Texas address of 445 E FM 1382, Ste 3-532, Cedar Hill, Texas 75104-6046 on his Texas Driver's License; and is a litigant in Texas courts (Exhibits I and J).

14. The jurisdictional statement of CTC 1ST as to 28 U.S.C. § 1441(b) is also less than accurate, because this is not a case where the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States. CTC 1ST erroneously states that 28 U.S.C. § 1441(b) is based on at least $75,000 in controversy between citizens of different states, when the appropriate citation is to 28 U.S.C. § 1332(b). At the time of the removal, CTC 1ST was likely unaware that the case against the Cadenas had been severed, as it sought to create an illusion that they consented to the removal. The Cadenas resided in the Property prior to the payment default, and were (and are) Texas residents. Removal is improper if a defendant is a resident of the state where the suit is filed. 28 U.S.C. § 1441(b). Further, Plaintiffs sought damages of $10,000 in the Justice Court (Dkt. 4). This Court does not have subject matter jurisdiction.

15. Plaintiffs did not seek remand within thirty days after removal, and have waived their right to remand, except for subject matter jurisdiction. *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 786 (5th Cir. 1996). Accordingly, the Plaintiffs may file a motion to remand any time before the Court renders a final judgment. 28 U.S.C. § 1447(c). The Court may remand a case based on a lack of subject matter jurisdiction with a motion from Plaintiffs. *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995); *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993).

16. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) because the acts and transactions occurred here and the Defendants transact business here.

## Parties

17. Plaintiffs are each a citizen of the State of Texas. Plaintiffs are each a "consumer" as defined by TEX. BUS. & COM. CODE § 17.45(4), as they sought to acquire real property to be used as their home.

18. Defendant, CTC 1ST is not listed as an entity with either the Texas Comptroller or the Texas Secretary of State. The names "CTC 1ST," "CTC 1ST Properties" or "ctc1st.com" are not filled as an assumed name with the County Clerks of either Tarrant or Dallas County. CTC 1ST operates through an office located in Dallas, Texas, and purports to provide services to Texans. CTC 1ST is the alter ego of Ira Davis. CTC 1ST, LLC is a Nevada company which has not obtained a Certificate of Authority from the Texas Secretary of State, and is therefore does not have the right to transact business in Texas.

19. Defendant, Ira Davis, is an individual who lives and transacts business in the Northern District of Texas.

## Factual Allegations

20. Whenever in this petition it is alleged that a Defendant did or were told any act or thing, it is meant that said Defendant's officers, agents, servants, employees, or representatives may have done or been told such act or thing and that, at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives.

21. On or about June 19, 2015, Plaintiffs met with "Tina Alexander" at 2727 LBJ Freeway, Suite 316, Dallas, Texas 75234, who presented Plaintiffs with her business card from CTC

1ST. See Exhibit L. Plaintiffs executed a residential lease for the Property, beginning June 26, 2015 and ending June 30, 2016. See Exhibit H. The Lease required Plaintiffs to make payments to "Kiwi Solutions" and identified the account (the account number is redacted from Exhibit H). Plaintiffs paid an initial deposit of $1,250.00 to lease the Property, and an additional $250.00 pet deposit.

22. Unknown to Plaintiffs, Kiwi Solutions Incorporated was formed in June, 2011 by Morya Davis as its registered agent, and director, using the address of 445 E. FM 1382, Suite 3-532, Cedar Hill, TX, USA 75104. A true and accurate copy of the Certificate of Formation from the Texas Secretary of State is attached as Exhibit M. The Texas Comptroller indicates that Kiwi Solutions Incorporated had lost its right to transact business in Texas. A true and accurate copy of the Franchise Account Status of Kiwi Solutions Incorporated as provided by the Texas Comptroller is attached as Exhibit N. A true and accurate copy of the February 8, 2013 Forfeiture by the Texas Secretary of State is attached as Exhibit O. Kiwi Solutions Incorporated had forfeited its corporate charter for failure to pay franchise taxes. In spite of the non-existence, Kiwi Solutions collected rent from the Plaintiffs.

23. The Lease stated that CTC 1ST was "the owner of the Property, Landlord." Exhibit H. Unknown to the Plaintiffs, that representation was false. The Property was conveyed to the "1076 Grand National Land Trust," who represented its address as P.O. Box 29903, Dallas, Texas 75229, for the sum for $4,000.00. See Exhibit P, a copy of the Assessment Lien Deed from the Remington Point Homeowners Association, Inc., filed on May 15, 2015, claiming a default in the payment of assessments by the owners of the Property, Noe Cadena and Clarisa Cadena, and a sale to the "1076 Grand National Land Trust" on May 5, 2015.

24. On May 27, 2015, the 1076 Grand National Land Trust filed suit against Wells Fargo Bank, N.A. in the 96th Judicial District Court of Tarrant County, Texas, to stop a foreclosure sale of the Property, scheduled for Tuesday, June 2, 2015. A true and accurate copy of the verified petition is attached hereto as Exhibit Q.

25. Exhibit Q contains its own set of misrepresentations. First, "Tom Anderson" is an alias used by Ira Davis – the very same alias as used in the eviction case filed Justice Court, Precinct 1, of Tarrant County, Texas, styled *1225 Mountain Air Land Trust v. Elizabeth Stoy and Michael Zieschang,* and all other occupants. See Exhibit R, a true and accurate copy of the petition in the *Stoy* case.

26. Next, Exhibit Q contains a verification, ostensibly notarized by "J. Gonzales." This is the same notary that "notarized" the signature of Ira Davis in Cause No. E-47173, styled *Ira Davis as Trustee for the Lead Creek Trust v. Amara Chan and/or all other occupants,* filed in the Justice Court, Precinct 4 of Tarrant County, Texas on March 8, 2016. A true and correct copy of the eviction petition from the *Chan* case is attached as Exhibit S.

27. Jeremy Gonzales did not notarize the signature of Ira Davis in Exhibit S; upon reviewing the application to become a notary, he noted that the application did contain his date of birth, Texas Driver's License number and his Social Security number. A true and correct copy of the affidavit of Jeremy Gonzales is attached as Exhibit T. The address contained in the fake notary application is P.O. Box 29903, Dallas, Texas 75229, which is the same address used by Ira Davis in the eviction petition.

28. Also in the eviction petition [Exhibit S], Ira Davis uses a telephone number of 210-526-1511. This is the same number that Ira Davis used in Case No. 3:15cv1956-M, *Forest Hills*

*Homeowners Association v. Ira Davis,* when he filed his Notice of Removal and Certificate of Interested Persons, and claimed to live in Seattle, Washington. See Exhibits C and D.

29. On May 29, 2015, two days after the 1076 Grand National Land Trust filed suit against Wells Fargo Bank, N.A. in the 96th Judicial District Court of Tarrant County, Texas, to stop a foreclosure sale of the Property, scheduled for Tuesday, June 2, 2015, the 1076 Grant National Land Trust filed a Special Warranty Deed, purporting to transfer a ten percent interest in the Property to Pacific Standard Holdings, to be effective on May 11, 2015. See Exhibit U. If the effective date of May 11, 2015 was true, then Pacific Standard Holdings would have been a necessary party to the suit in the 96th Judicial District Court against Wells Fargo. Pacific Standard Holdings uses an address of 18495 S. Dixie Hwy, Miami FL 33157 in the filing with the Tarrant County Clerk. This is The UPS Store, store #2294, with a phone number of 305-238-2242.

30. Plaintiffs allege that they were receiving foreclosure notices at the Property in October, 2015. When they received these notices, they called CTC 1ST and were told that they "did not need to be concerned" and that "they would not have to move."

31. CTC 1ST made false representations, and the foreclosure took place on December 1, 2015, and the Plaintiffs were forced to leave the Property shortly thereafter. Haslet Nails Spa, Inc. was the purchaser as the foreclosure sale.

32. Plaintiffs were forced to move to another residence, and incurred expenses for application fees of $140.00, rental deposit of $1,300.00, pet deposit of $600.00, moving expenses of $469.43, fees for another electric service provider of $345.00, and rent that as $50.00 per month higher for the remaining 6 months. Plaintiffs have also incurred attorney's fees as a result of CTC 1ST.

33. Defendants were aware of the impending foreclosure, as the suit filed in the 96th Judicial District Court and the "transfer" to Pacific Standard Holdings occurred before Plaintiffs executed the Lease.

34. Wells Fargo Bank, N.A. removed the case from the 96th Judicial District Court to the United States District Court for the Northern District of Texas, as Case No. 4:15cv479-A. On September 9, 2015, the case was dismissed with prejudice.

35. Pacific Standard Holdings filed bankruptcy on January 5, 2015, in the United State Bankruptcy Court for the Eastern District of Texas, under Case No. 15-40039. Contrary to the representation of the Florida address in Exhibit U, Pacific Standard Holdings now claims a street address of 2340 E. Trinity Mills Road, Carrollton, Texas 75006; and claims that its principal place of business is Denton County, Texas. The Trustee filed a Motion to Compel Pacific Standard Holding to file its schedules in the bankruptcy case. Raymond Hart, the purported "manager," filed a response and claimed to be terminated after only two months and claimed that he knew nothing. See Exhibit V, the response of Raymond Hart. When Mr. Hart signed his response, the address he used was 2633 McKinney Ave., Ste 130, Dallas, Texas 75204. That is also a location of The UPS Store, #5022, with a phone number of 214-965-9226.

36. In the bankruptcy court Pacific Standard Holdings was divested of its claimed interest in the Property, which was then transferred to Haslet Nails Spa, Inc., the purchaser at the December 1, 2015 foreclosure sale.

37. As part of the Attachment to the Notice of Removal filed in this case (Dkt. 4), a four page facsimile dated April 18, 2016, from Monique E. Ramirez to Kiwi Solutions (Tina Alexander) is included. Initially, it appeared that this document has absolutely no relevance to this case…but

much can be learned from it, beginning with the date of the facsimile (Dkt. 4; page 15).

38.     The date that this fax is sent to Tina Alexander, (who appears to be employed by the defunct Kiwi Solutions rather that CTC 1ST), is the same day that the "Arnold Simmons" signed the Notice of Removal in Las Vegas, Nevada (Dkt. 3, page 6). Most importantly, the communications with the defunct Kiwi Solutions involve the use of federal funds to provide subsidized housing.

39.     But there is more. The property made the subject of the extraneous pages in Document #4 is described as 10711 Staggering Creek – which is significant. This property belonged to John and Sandra Gonzales, as evidenced by the deed history from the Bexar Appraisal District, attached hereto as Exhibit W. It was acquired by the "10711 Staggering Creek Trust" from the Bridgewood [Homeowners] Association, Inc., by Special Warranty Deed, effective June 4, 2013. See Exhibit X. The "Staggering Creek Trust" uses the address of 445 E. FM 1382, Suite 3-532, Cedar Hill, Texas 75104 – which is the same address as the defunct Kiwi Solutions, and the address on Ira Davis' Texas Driver's License.

40.     And one more thing. John and Sandra Gonzales are the parents of Jeremy Gonzales – the man who found himself to be a notary for Ira Davis – whose notary application bears the address of P.O. Box 29903, Dallas, Texas 75229 – and he has never used a Dallas address. See Exhibit T. The only connection is Ira Davis.

41.     A part of a pattern, the 10711 Staggering Creek Trust purports to convey a ten percent interest in the property to Pacific Standard Holdings, and shown by Exhibit Y. The Special Warranty Deed is signed by "Thomas Johnson" and purportedly notarized by "J. Gonzales" – who used to live with his parents at 10711 Staggering Creek. It would seem that the notary might recognize his former address….if he ever saw it.

### First Claim for Relief – Fraud in a Real Estate Transaction

42. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

43. To establish a statutory-fraud claim, a plaintiff must prove: (1) a transaction involving real estate or stock; (2) during the transaction, the other party made a false representation of fact, made a false promise, or benefitted by not disclosing that a third party's representation was false; (3) the false representation or promise was made for the purpose of inducing the party to enter into a contract; (4) the party relied on the false representation or promise by entering into the contract; and (5) the reliance caused the party injury. TEX. BUS. & COM. CODE § 27.01. Thus, a viable claim for statutory fraud must relate to "a transaction involving real estate or stock in a corporation." *Id.; see also Evans v. Wilkins,* No. 14-00-00831-CV, 2001 WL 1340356, at *3 & n.3 (Tex. App.—Houston [14th Dist.] Nov. 1, 2001, no pet.) (not designated for publication).

### Second Claim for Relief – Common Law Fraud

44. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

45. Plaintiffs contend that the representations made to them regarding the Lease of the Property constitute fraud: (1) a false, material representation was made; (2) that was either known to be false when made or was made without knowledge of its truth; (3) that was intended to be acted upon; (4) that was relied upon; and (5) that caused injury. Plaintiffs relied on the representations that the real property would be leased to them for a year, when Defendant we already well aware of the impending foreclosure.

### Third Claim for Relief – Breach of Contract

46. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

47. To recover on an action for breach of contract, Plaintiffs must prove: (1) the existence of a valid contract, (2) performance or tendered performance by the Plaintiffs, (3) breach of the contract by the defendant, and (4) damages sustained by the Plaintiffs as a result of the breach.

### Fourth Claim for Relief – Deceptive Trade Practices

48. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

49. Under the DTPA, Plaintiffs must prove that (1) Plaintiffs are consumers, (2) that Defendants can be sued under the DTPA, (3) that Defendants violated a specific provision of the Act, and (4) that Defendant's violation was a producing cause of the Plaintiffs' damages.

50. Defendants' acts and omissions were unconscionable actions or course of actions, which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

51. Defendants' acts and omissions were committed knowingly, because Defendants had actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim.

52. Defendants' acts and omissions were committed intentionally, because Defendants had actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure giving rise to the consumer's claim, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

53. Defendants falsely represented that CTC 1ST was the landlord or owner of the property, thereby passing off goods or services as those of another.

54. Defendants falsely represented that foreclosure was not imminent, thereby representing that goods or services have sponsorship, approval, characteristics, uses, or benefits which they do not have.

55. Defendants falsely advertised goods or services with intent not to sell them as advertised.

56. Defendants falsely represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

57. Defendants misrepresented the authority of a representative or leasing agent to negotiate the final terms of a consumer transaction.

58. Defendants failed to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

### Fifth Claim for Relief – Unjust Enrichment

59. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

60. Defendants acts and/or omissions constitute unjust enrichment, which "characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay." The unjust enrichment doctrine applies principles of restitution to disputes based on the equitable principle that one who receives benefits that would be unjust to retain should make restitution of those benefits. Defendants had no ownership interest in the Property, and collected security and pet deposits, as well as monthly rent – none of which they were entitled to receive.

### Sixth Claim for Relief – Exemplary Damages

61. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

62. The conduct of the Defendants as described in this lawsuit warrants the imposition of exemplary damages. Exemplary damages will serve to deter this type of conduct, and set an example for others in the real estate business from engaging in acts of deception.

### Seventh Claim for Relief – Injunctive Relief

63. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

64. Acting as a private attorney general pursuant to TEX. BUS. & COM. CODE § 17.50(b)(2), Plaintiffs are entitled to a permanent injunction, prohibiting Defendants from ever again within the State of Texas engaging in the acts and practices described in the Complaint.

### Eighth Claim for Relief – Attorney's Fees

65. In the event that Plaintiffs prevail on any of the above stated legal theories, they are entitled to recover their reasonable and necessary attorney's fees and costs through trial and any subsequent appeals.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Award economic, actual and consequential damages for breach of contract, unjust enrichment, violation of the DTPA and fraud;

2. Award additional damages as provided by the DTPA;

3. Award exemplary and punitive damages as deemed appropriate by the Court;

4. Enjoin the Defendants' actions which violated the law, as described in this Complaint;

5. Award reasonable and necessary attorney's fees for all phases of litigation, trial and any subsequent appeals;

5.  Enter judgment in favor of Plaintiffs and against Defendants damages, injunctive relief and reasonable attorney's fees.

6.  Grant such further relief as deemed just.

Respectfully submitted,

/s/ Jerry J. Jarzombek

---

Jerry J. Jarzombek
Texas Bar No. 10589050
855 Texas Street, Suite 140
Fort Worth, Texas 76102
jerryjj@airmail.net
817-348-8325
817-348-8328 Facsimile

ATTORNEY FOR PLAINTIFFS,
NICHOLAS JOSEPH RUSSO and
JANE MARIE RUSSO

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

Respectfully submitted,

/s/ Jerry J. Jarzombek

---

Jerry J. Jarzombek
Texas Bar No. 10589050
855 Texas Street, Suite 140
Fort Worth, Texas 76102
jerryjj@airmail.net
817-348-8325
817-348-8328 Facsimile

ATTORNEY FOR PLAINTIFFS
NICHOLAS JOSEPH RUSSO and
JANE MARIE RUSSO

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the person(s) who have appeared in this case as indicated below, according to the Federal Rules of Civil Procedure, on this 16th day of June, 2016:

*Via CMRRR 7013 2250 0001 5374 4783*
Arnold Simmons
P.O. Box 27740
Las Vegas, NV 89126

/s/ Jerry J. Jarzombek
_____
Jerry J. Jarzombek